1200 New Hampshire Avenue NW, Washington, DC 20036
tel (202) 974-5600  fax (202) 974-5602

**CHADBOURNE & PARKE LLP**

**Michael Bhargava**
direct tel  +1 202 974 5629
mbhargava@chadbourne.com

March 3, 2014

The Honorable Kevin N. Fox
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Restis, et al. v. American Coalition Against Nuclear Iran Inc., et al.*,
<u>No 13-cv-5032 (ER)(KNF)</u>

Dear Judge Fox:

  Undersigned counsel represents Plaintiffs Victor Restis and Enterprises Shipping & Trading, S.A. ("EST") (collectively, "Plaintiffs") in the above-captioned matter.[1] Pursuant to Local Civil Rule 37.2, I am writing to respectfully request a pre-motion conference on Plaintiffs' proposed motion to compel Defendant American Coalition Against Nuclear Iran Inc. ("UANI") to respond to Plaintiffs' first set of requests for production ("First RFP"), served on December 15, 2013. Although it has had months to comply, UANI has, to date, refused to produce a single document of substance in response to the First RFP. In particular, UANI's ongoing refusal to produce documents that are at the heart of this case delays the rest of discovery, including depositions that cannot be noticed or taken until documents are produced. Defendants repeatedly complain about discovery delays, but they are the cause of the most serious obstacle to moving this case along.

  In May 2013, Defendants UANI, Mark Wallace, David Ibsen and Nathan Carleton (collectively, "Defendants") launched an international reputation destruction campaign. Defendants have characterized their tactics as "name and shame" or "reputational risk" campaigns. As part of their campaign, Defendants made very specific, false allegations

---

[1] The undersigned counsel was counsel to Plaintiffs in this action at Manatt, Phelps & Phillips LLP, but has now joined Chadbourne & Parke LLP, as he informed Judge Ramos in a hearing on February 14, 2014. Chadbourne & Parke has agreed to continue on as interim counsel until it can create a formal engagement with Plaintiffs, which is expected to occur the first week of March 2014.

**CHADBOURNE & PARKE LLP**

The Honorable Kevin N. Fox          -2-                    March 3, 2014

against Plaintiffs that Defendants have tried to walk away from ever since, but that they have never actually corrected or retracted. Originally, Defendants falsely alleged that Plaintiffs – a Greek businessman and his shipping management company – are "front-men" for Iranian interests and are engaged in "illicit," "unethical," and "indeed illegal" business "schemes" with Iran. *See* Am. Compl. ¶ 7, at Dkt. 34. They specifically charged – falsely – that Plaintiffs had illegally accepted billions of dollars in Iranian investments and shipped Iranian oil in violation of international sanctions. In a press release broadcast to the world, Defendants claimed that their defamatory statements were based on "(highly credible) confidential sources," as well as "valid research, credible documents, distinguished relationships, and preeminent sourcing." *Id*. at ¶ 56(d). Defendants claimed to have "extensive additional documents" supporting their allegations. *Id*. at ¶ 56(c). Defendants have further represented that they have documents that unequivocally support their allegations, including witness statements. Naturally, Plaintiffs sought these documents that Defendants claimed supported their statements, but UANI has categorically refused to produce them. Indeed, the only purported evidence that Plaintiffs have seen – two documents that Plaintiffs provided to a journalist before this suit was filed – are facially fraudulent. These documents in no way corroborate Plaintiffs false allegations, but instead demonstrate the malice with which Defendants made their defamatory statements.

Rather than participating in discovery in good faith, Defendants have desperately sought to change the conversation from their specific allegation of illegal conduct to a more general statement that Plaintiffs have interactions in Iran. They now use every opportunity to inform this Court of what they claim to be "proof" of their original allegations because they "discovered" – using publicly available data that is available to anyone on the Internet – that Plaintiffs' vessels have visited Iranian ports. However, as Defendants are well aware, these vessels contain humanitarian food shipments from American companies that are in full compliance with international sanctions – a far cry from being a "front" for Iran or engaging in "illicit" activity. Despite Defendants' overblown rhetoric, these deliveries provide no support whatsoever for their original allegations that Plaintiffs have engaged in illegal business in violation of sanctions. In addition, since their very first filings with this Court, Defendants have worked to manufacture a false narrative that Plaintiffs do not want to litigate the case and are delaying discovery. However, it is Defendants who have sought to prevent discovery by repeatedly refusing to produce the documents that are at the heart of their false allegations.

On December 15, 2013, Plaintiffs served 28 narrowly tailored requests on UANI seeking documents related to Defendants' ongoing defamation campaign against Mr. Restis

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox  -3-  March 3, 2014

and EST.² *See* Pls.' First RFP, attached at Ex. 1.  The First RFP sought documents that are central to the parties' claims and defenses, including targeted requests concerning UANI's operations, funding, sources of information, and processes for verifying its allegations before making them publicly.  Most critically, the First RFP sought documents specifically relating to Defendants' numerous defamatory statements, including the highly touted evidence that Defendants publicly claim to have in their possession.  However, in the more than two-and-a-half months since receiving Plaintiffs' First RFP, UANI (1) has produced only 284 pages of documents, none of which appear to be responsive to the First RFP; (2) has made boilerplate, vague, overbroad, and meritless objections to the production of any additional responsive documents; and (3) has objected to compliance with its search and production obligations under Rules 26 and 34 of the Federal Rules of Civil Procedure.

On February 12, 2014, counsel for Plaintiffs requested a meet and confer with UANI's counsel regarding at least eight deficiencies with UANI's responses and objections to the First RFP.  *See* Letter from Michael Bhargava to Lee Wolosky (Feb. 12, 2014), attached at Ex. 2.  The parties held a meet and confer on February 17, 2014, but counsel for UANI refused to correct its discovery deficiencies in any way.

I. **UANI Has Refused to Produce Any Documents Responsive to the First RFP**

To date, UANI has made only a token production totaling 284 pages, all of which appear to have been downloaded from the Internet in the days before its production (not when the defamation occurred).  Of those 284 pages, 196 pages consist of filings for a proposed, but never consummated, 2005 initial public offering by non-party Golden Energy Marine Corp., the subject of which is irrelevant to this litigation.  UANI has failed to produce – and has specifically refused to produce – a single document that relates to (let alone supports) any of the defamatory statements that are the basis for this action.  For example, UANI has refused to produce documents in response to the following requests for production:

- <u>Request Nos. 1-18</u>.  Although they are central to this case, UANI has refused to produce any documents relating to its false allegations that Plaintiffs are violating sanctions against Iran, despite its public averment that many such documents exist.

---

² This is in contrast to Defendants' first requests for production of documents, which consisted of 103 identical requests for "[a]ll documents that Support, Regard, Refute, or are referenced in connection with" each of the 103 paragraphs of the Amended Complaint.

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox  -4-  March 3, 2014

  Although Plaintiffs propounded 18 separate requests relating to these documents, UANI has not produced a single document in response.

- Request Nos. 19 and 20. UANI further refuses to produce any documents relating to its dealings with, communications with or knowledge of the individual who appears to be behind the fraudulent documents that gave rise to Defendants' false allegations: Anastasios Pallis, an individual who recently turned himself in to Greek authorities to face charges of, among other things, kidnapping, embezzlement, and illegal arms trafficking. UANI also will not produce any documents relating to Meir Dagan, the UANI Advisory Board member who Plaintiffs have reason to believe conspired with Pallis to propagate the false allegations. These documents are clearly relevant and critical to Plaintiffs' ability to assert their claims.

  Furthermore, in response to these document requests, UANI asserts a vague objection as to the time frame, which Plaintiffs defined for all requests as covering the period from January 1, 2010 to the present. UANI objects to these requests – but only these requests – on the grounds that they "not limited by subject or restricted to a relevant time period, but, instead, improperly requests the production of documents that are not related to any allegation, defense, or issue in the case, and that are outside any relevant time period." At the meet and confer, counsel for UANI refused to elaborate on this objection or explain in any way why the time frame is improper. The time frame listed is reasonable and is limited to reveal information that is relevant to the case.

- Request Nos. 21 and 22. In their document requests, Defendants demanded production of documents relating to a series of individuals and entities – including assorted Chinese companies and Iranian officials – most of which are unfamiliar to Plaintiffs. Although Plaintiffs asked UANI to produce documents related to these same individuals and entities – to determine how they could be involved in the incidents at issue – UANI has refused to do so.

- Request No. 23. UANI has also refused to produce any documents that would aid Plaintiffs in identifying UANI's employees and job responsibilities, although UANI simultaneously seeks to dismiss claims against its employees on the basis of Plaintiffs' lack of information about them. *See* Defs.' Mem. Supp. Mot. Dismiss at 12-13, at Dkt. 26. Defendants cannot have it both ways, hiding information from Plaintiffs and then seeking to dismiss claims based on Plaintiffs' lack of information.

CPAM: 6217894.7

**CHADBOURNE & PARKE LLP**

The Honorable Kevin N. Fox        -5-        March 3, 2014

To the extent that UANI is refusing to produce these documents on the basis of relevance, it is required to "(i) state, with specificity, how or why each request is irrelevant to the claims, defenses or counterclaim; or (ii) show specific reasons why or how each request is irrelevant." *Freydl v. Meringolo*, No. 09-07196, 2011 WL 2566087, at *4 (S.D.N.Y. June 16, 2011) (M.J. Fox). UANI has not even attempted to explain how this Request is irrelevant, but instead based its objections on mere conclusory and vague assertions of lack of relevance. *See* UANI's Resp. to Pls.' First RFP at 16, attached at Ex. 3. Accordingly, UANI should be ordered to produce these documents.

- Request Nos. 24 and 25. Plaintiffs also seek information on UANI's sources of funding and have requested UANI's tax filings and donations lists. This is highly relevant to Plaintiffs' defamation claim, which requires Plaintiffs to prove malice. UANI appears to operate in part by making false allegations against international corporations of violating the sanctions against Iran as part of its "name and shame" campaigns, then demanding hefty donations to "inoculate" the companies against further allegations and "applaud" them for agreeing not to do business in Iran. UANI has employed this form of extortion against Plaintiffs by demanding a payment of $500,000 in order to settle the claims in this case and rescind its allegations, and Plaintiffs have reason to believe that UANI has used this same tactic against other companies as well. As a result, this information on UANI's finances is critical to demonstrating UANI's strategy of extracting payments from targeted companies. Again, to the extent that UANI claims that these Requests are not relevant, it has failed to meet its obligation to explain its objection. *Freydl*, 2011 WL 2566087, at *3-4.

- Request Nos. 27 and 28. In its efforts to avoid producing certain responsive documents, UANI has even falsely represented that such documents do not exist. For example, because UANI attempts to bolster its credibility by claiming that it relies solely on impeccable sources and extensive documentation before making any of its allegations, Plaintiffs requested documents relating to any notification that UANI had received from anyone else that allegations UANI has made were false or inaccurate. Ex. 1 at Request 27. In response, UANI stated that other than Plaintiffs claims of falsity, there "are no documents responsive to this request that are within Defendant's possession, custody, or control." Ex. 3 at 17-18. However, even a casual perusal of UANI's website shows the falsity of this statement. For example, when UANI and Defendant Wallace launched a campaign against Caterpillar Inc. claiming that it had "extensive business in Iran," Caterpillar wrote to Wallace that "you and your organization have jumped to conclusions about Caterpillar that are not supported by the facts. . . . Your letters are not accurate in characterizing Caterpillar as a company with 'extensive business in Iran.' In fact,

CPAM: 6217894.7

**CHADBOURNE**
**& PARKE** LLP

The Honorable Kevin N. Fox -6- March 3, 2014

    Caterpillar does not transact business in Iran." *See* Letter from James W. Owens, Chairman and CEO of Caterpillar Inc. to Mark Wallace, President of UANI (Feb. 25, 2010), attached at Ex. 4. Even when Plaintiffs pointed to this document – which UANI posts on its own website – as an example of UANI being notified that it got its facts wrong, UANI continued to insist that it has never been notified that any allegation it has made was false or inaccurate. Rather than search for responsive documents in its possession, UANI insists that no such documents exist. Defendants cannot simply refuse to participate in discovery in this manner.

  By refusing to produce a single document that is responsive to any of Plaintiffs' requests, UANI makes it impossible for Plaintiffs to pursue further discovery against Defendants. Plaintiffs cannot notice depositions of Defendants or third parties in the absence of these documents, nor can they properly formulate further requests for production or requests for admission.

**II. UANI May Not Refuse to Produce Documents by Asserting an Unidentified Privilege on Behalf of a Third Party**

  As a good example of UANI's baseless obstruction of the discovery process, in refusing to produce any responsive documents, UANI appears to rely on a privilege that they refuse to identify and that they improperly assert on behalf of a third party. In its responses to Plaintiffs' first 22 requests for production, UANI objected to producing "information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties." Ex. 3 at 4. This vague assertion of some unidentified privilege that belongs to a third party is insufficient on its face. It fails to meet the requirements under Rule 26 that demands that a party asserting a privilege must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

  On February 14, 2014, during a hearing before Judge Ramos, Defendants finally revealed that the "holder or potential holder of that privilege is the United States," although they continue to refuse to reveal the nature of the privilege. *See* Status Conference Tr. 32:19-20, Feb. 14, 2014, attached at Ex. 5. Defendants did not explain how, as private parties, they had any standing or right to assert some other entity's privilege, especially when that entity can speak for itself. Defendants stated that Assistant U.S. Attorney Michael Byars from the Civil Rights Division of the Southern District of New York was in attendance at the hearing, but the entirety of the Judge Ramos's discussion with AUSA Byars is as follows:

    THE COURT: Good morning, Mr. Byers. What can you tell me about the documents that may be subject to an order of this Court or the magistrate?

CPAM: 6217894.7

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox             -7-                      March 3, 2014

>    MR. BYERS: Your Honor, at this time I think all I can say in open court is that based on my communications with defendants' counsel, the U.S. may have an interest in this issue. We do need additional time to assess that. If your Honor needs further information, I would ask that we do that in ex parte proceedings.
>
>    THE COURT: Very well.

*Id*. at 34:9-18.

Significantly, the Government did not seek to intervene in the case or attempt to assert any privilege here. *See id*. at 34:13-15. Instead, it has stated only that – based solely on "communications with defendants' counsel" – the U.S. "may have an interest in this issue." (emphasis added). One can only imagine what Defendants have said to Mr. Byars in a one-sided fashion, but, nevertheless, no privilege has been asserted over these documents by any third party (indeed if such an assertion was even possible), and UANI cannot avoid its discovery responsibilities by claiming to rely on such a "privilege." This is particularly true when Defendants continue to refuse to even identify the purported privilege here, let alone how it can possibly apply to this case. UANI has also refused to produce a privilege log listing the documents that it claims are subject to the privilege, since it informed Judge Ramos that no such log would be appropriate for this still-unidentified privilege.[3] *See id*. at 36:12-14.

Until such time as a privilege is asserted by the proper party to do so in the proper way (e.g., intervention), UANI should be ordered to stop obstructing discovery and produce responsive documents.

---

[3] To the extent that UANI seeks to assert a state secrets privilege to avoid producing documents, it cannot do so. The United States Government is the only party that can assert this claim. *See Doe v. C.I.A.*, 576 F.3d 95, 102 (2d Cir. 2009) ("The privilege belongs to the government and must be asserted by it; it can neither be claimed nor waived by a private party.") (quoting *United States v. Reynolds*, 345 U.S. 1, 7 (1953)). Furthermore, UANI has provided no evidence that the Government has requested UANI not to produce any documents. UANI must produce relevant documents over which it cannot assert any valid privilege. If the United States wishes to assert a privilege, it may formally notify the Court of its position, but UANI may not do so on its behalf.

CPAM: 6217894.7

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox                -8-                              March 3, 2014

### III.    UANI's Boilerplate Objections Are Impermissible

Parties may not assert boilerplate objections to requests for documents and then refuse to produce any documents based on those objections. Indeed, "[a]sserting boilerplate objections to every request . . . without . . . producing any document[s], amounts to a blanket refusal to participate in discovery and is a paradigm of discovery abuse." *Freydl,* 2011 WL 2566087, at *4 (quotations and citations omitted). Instead, parties are required to "(i) state, with specificity, each of the grounds forming the basis of his objections; or (ii) show specific reasons why or how each of the plaintiff's discovery requests is overbroad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence." *Id.* at *3.

UANI here relies on largely boilerplate objections in response to the First RFP. In response to 20 of Plaintiffs' first 22 requests, including in response to every request seeking specific documents relating to its defamatory statements, UANI provided the following identical response:

> Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein. Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties. Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

*See, e.g.*, Ex. 3 at 4. Two additional responses (to Requests 19 and 20) also contained this identical boilerplate language, but added one additional objection each as to the timeframe of the requests.

Remarkably, despite these identical responses, counsel for UANI assured Judge Ramos at the February 14, 20104 status conference that these responses were anything but boilerplate. *See* Ex. 5 at 32:14-25 ("[T]he responses [were] not boilerplate and the objections were not boilerplate. . . . [I]t is completely untrue that we served boilerplate objections to the document requests."). However, these nonspecific, identical objections in response to specifically tailored requests for production are textbook examples of boilerplate objections. Nevertheless, Defendants continue to improperly hide behind these objections and refuse to produce any substantive documents on that basis.

...

**CHADBOURNE**
**& PARKE** LLP

The Honorable Kevin N. Fox         -9-                    March 3, 2014

### IV. General Objections as to Confidentiality or Trade Secret Privilege Are Inapplicable

UANI has also asserted two separate but similarly inappropriate general objections to the production of documents that have no bearing on this case. First, it refuses to produce documents that contain "confidential commercial, financial, or business information." Ex. 3 at 2. UANI has refused to specify what constitutes "confidential commercial, financial or business information," or why it deserves any protection from production. Parties in almost any litigation are required to produce information that it considers confidential, and such information is properly protected from disclosure by a protective order. Nevertheless, UANI has refused to withdraw this baseless objection. If such issues arise in litigation, protective orders – not refusal to comply with the rules – are the solution.

Second, UANI refused to produce any documents protected by "trade secret privilege." *Id*. However, "[t]here is no absolute privilege [against disclosure] for trade secrets," and when such a claim of privilege is made, "the party seeking to resist discovery must show that the information is a trade secret and disclosure might be harmful." *DDS, Inc. v. Lucas Aerospace Power Transmission Corp.*, 182 F.R.D. 1, 4 (S.D.N.Y. 1998) (internal quotations omitted). UANI has failed to make these required showings and thus this objection fails.

UANI cannot rest on these general, unspecific objections. It bears the burden of establishing that some form of protection exists for any such documents. *See Large v. Our Lady of Mercy Medical Center*, 94-5986, 1998 WL 65995 at *3 (S.D.N.Y. Feb. 17, 1998). UANI has failed to meet this burden, and its objections should therefore be waived. *Id.* at *4, Smith v. Conway Organization, Inc*., 154 F.R.D. 73, 76 (S.D.N.Y. 1994).

### V. UANI Has Failed to Meet Its Discovery Obligations by Conducting a Reasonable and Diligent Search

Finally, even as to the documents that UANI has in fact produced, UANI has not fulfilled its obligations under Rule 34 of the Federal Rules of Civil Procedure in making this limited production, since it has objected to conducting "anything beyond a reasonable and diligent search for *readily accessible files*, including electronically stored information ("ESI"), from *readily available sources where responsive documents reasonably would be expected to be found.*" Ex. 3 at 2 (emphasis added). During the February 18 meet and confer, UANI's counsel could not articulate what it meant by limiting its search to "readily available sources" or whether this differed in any way from its obligation to perform a reasonable and diligent search for relevant documents to produce. *See Chen-Oster v. Goldman Sachs & Co.*, 285 F.R.D. 294, 301-02 (S.D.N.Y. 2012) (noting that a party may identify documents as not readily accessible because of undue burden or cost, but such documents must still be produced on a showing of good cause by requesting party). UANI, however, asserted that it would not

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox				-10-				March 3, 2014

conduct any search for electronic documents that may be housed on backup devices, which is not in and of itself enough to deny discovery. *See id.* (finding that "the cost or burden must be associated with some technological feature that inhibits accessibility" and further noting that "data that is archived or stored off-line" is "generally accessible"). Under Rule 34(a)(1)(A), UANI is required to produce documents in its possession, custody, or control that are "stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." UANI cannot refuse to search certain stores of data or limit it search to "readily available sources." As a result, it has failed to meet its discovery obligations under the Federal Rules. The Court should compel UANI to perform a search of its documents stored "on any medium," including backup devices, that conforms to these requirements.

Because of UANI's failure to comply with its discovery obligations, Plaintiffs' ability to prosecute this action is being severely prejudiced. UANI is trying to run out the clock. UANI's blanket refusal to produce any meaningful responsive documents to Plaintiffs' First RFP has prevented Plaintiffs from noticing depositions of defense witnesses. In multiple publications and submissions to this Court, Defendants repeatedly claim that the accusations they have published about Plaintiffs are based on a "thoroughly vetted investigation," "valid research," "preeminent sourcing" and "credible documents," unequivocally "confirming" that the Plaintiffs are engaged in illegal business dealings with Iran in violation of sanctions laws. Plaintiffs are entitled to ask defense witnesses about these alleged "confirming" documents. However, without the ability to examine Defendants about these purported documents, conducting any depositions would be an unproductive and incomplete endeavor.

Based on the foregoing points, Plaintiffs request leave to move for an Order compelling UANI to meet its discovery obligation and produce all relevant documents responsive to the First RFP in a timely fashion that allows additional discovery in the case to continue. If UANI continues to hold that it is not required to produce any responsive documents, the Court should preclude the Defendants' use of these documents in the case. In addition, UANI should also be ordered to pay for the costs of Plaintiffs' efforts to require UANI to meet their discovery obligations.

					Respectfully,

					*/s/ Michael Bhargava*

					Michael Bhargava

cc: Lee Wolosky, Esq.

CPAM: 6217894.7