UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR RESTIS and ENTERPRISES SHIPPING AND TRADING S.A.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　- v. -<br><br>AMERICAN COALITION AGAINST NUCLEAR IRAN, INC. a/k/a UNITED AGAINST NUCLEAR IRAN, MARK D. WALLACE, DAVID IBSEN, NATHAN CARLETON, and DOES 1-10,<br><br>　　　　　　　　Defendants. | Civil Action No. 13-cv-05032-ER-KNF |

## DECLARATION OF MICHAEL BHARGAVA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

Michael Bhargava declares, pursuant to 28 U.S.C. § 1746:

1.　　I am a member of the bar of this Court and a member of the law firm of Chadbourne & Parke LLP, counsel for Plaintiffs Victor Restis and Enterprises Shipping and Trading S.A. ("Plaintiffs").

2.　　I submit this declaration in support of Plaintiffs' Motion to Compel the Production of Documents to the United States District Court for the Southern District of New York.

3.　　On or about February 2, 2014, UANI produced 286 pages of documents. The large majority of this (213 pages) consisted of a public filing from Golden Energy Marine Corp. dated 2005 that is irrelevant to this litigation. The remaining documents consisted entirely of public documents downloaded from the Internet relating to the delivery of humanitarian food aid to Iran by major American charterers using Plaintiffs' vessels. These documents are not relevant

to Defendants' specific allegations that are at the heart of this defamation suit: that Plaintiffs are "front-men" for the Iranian regime and are engaged in "illicit," "unethical," and "indeed illegal" business "schemes" in "flagrant contravention of the international sanctions regime" by shipping Iranian oil and accepting billions of dollars in Iranian investments.

4. On or about March 21, 2014, Defendant UANI produced an additional 1824 pages of documents. These consisted largely of email exchanges among various UANI staff members relating largely to the drafting and distribution to certain journalists of Defendants' May 13, 2013 public letter and press release.

5. To date, Defendants have produced no documents whatsoever in response to at least 15 of the Requests in the First RFPs (Nos. 1, 5-7, 14, 19-28).

6. In response to six additional Requests (Nos. 4, 12-13, 15-16, 18), Defendants have produced a total of two documents: the facially fraudulent documents that they do not even defend. These Requests sought all documents that support Defendants' allegations: that Plaintiffs are "front-men" for the Iranian regime and are engaged in "illicit," "unethical," and "indeed illegal" business "schemes" in "flagrant contravention of the international sanctions regime" by shipping Iranian oil and accepting Iranian investments.

7. Even Defendants' production in response to the remaining Requests appears seriously inadequate. Defendants have produced virtually no documents relating to its defamatory graphics, Facebook posts, or Twitter tweets, nor have they produced more than a token number of documents relating to their various press releases and public letters.

8. Defendants have informed Plaintiffs that they continue to withhold documents based on a "third-party privilege." However, in multiple meet-and-confers (on February 17, 2014, April 4, 2014, and April 5, 2014), Defendants refused to discuss the identity or nature of the purported privilege, the number of documents being withhold, the scope of the documents

being withheld, or the basis for any purported privilege.  Defendants have also consistently refused to produce a privilege log or itemize the specific Requests to which these documents correspond.

9. In these meet-and-confers, Defendants have similarly refused to discuss the identity or relevance of a series of entities and individuals that are the basis of dozens of requests for production propounded by Defendants.  This information is necessary so that Plaintiffs can properly respond to the discovery requests and ensure that they are providing Defendants with any relevant information.  However, Defendants refused to elaborate, informing Plaintiffs only that Defendants believe these entities and individuals are somehow connected with Plaintiffs and are relevant to the issues in this case.  When Plaintiffs propounded similar requests to Defendants in order to determine this information, Defendants refused to produce any responsive documents.

10. In their document requests, Defendants demanded production of documents relating to a series of individuals and entities—including assorted Chinese companies and Iranian officials—most of which are unfamiliar to Plaintiffs. Although Plaintiffs have asked Defendants to produce documents related to these same individuals and entities—to determine how they could be involved in the incidents at issue—Defendants have refused to do so.

11. Plaintiffs have additionally sought documents that would aid Plaintiffs in identifying UANI's employees and job responsibilities (Request No. 23), as well as information on UANI's insurance policies (Request No. 26).  In an April 5, 2014 meet and confer, Defendants agreed to produce these documents.  However, Plaintiffs have not received these documents as of the date of this filing.

12. Plaintiffs have discovered information that UANI has been clandestinely promoting the agenda of certain foreign third parties, and that UANI's campaign against Mr.

Restis and this litigation have been specifically funded by these foreign interests. Counsel for Defendants have refused to discuss these foreign interests or the sources of UANI's funding.

13. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' First Set of Requests for the Production of Documents ("First RFP").

14. Attached hereto as **Exhibit B** is a true and correct copy of Defendants' Responses and Objections to Plaintiffs' First Set of Requests for the Production of Documents.

15. Attached hereto as **Exhibit C** is a true and correct copy of a letter dated February 12, 2014 from Michael Bhargava to Lee Wolosky regarding UANI's compliance with Plaintiffs' First Set of Requests for the Production of Documents.

16. Attached hereto as **Exhibit D** is a true and correct copy of a Defendants' Second Requests for Production of Documents dated November 5, 2013.

17. Attached hereto as **Exhibit E** is a true and correct copy of a Defendants' Third Requests for Production of Documents dated November 27, 2013.

18. Attached hereto as **Exhibit F** is a true and correct copy of Internal Revenue Service 2012 Form 990 posted by Defendant American Coalition Against a Nuclear Iran, Inc. a/k/a United Against a Nuclear Iran ("UANI"). This form is posted on UANI's website at http://www.unitedagainstnucleariran.com/sites/default/files/2012_990.pdf.

19. Attached hereto as **Exhibit G** is a true and correct copy of an email exchange dated November 26, 2013 between attorney Brian Stack and Nick Stergioulas.

20. Attached here to as **Exhibit H** is a true and correct copy of excerpts of a transcript of a hearing before the Hon. Judge Edgardo Ramos on February 14, 2014.

Dated: April 7, 2014
Washington, DC

/s/ *[signature]*

Michael Bhargava

4