# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                          :

VICTOR RESTIS, ENTERPRISES SHIPPING   :
AND TRADING, S.A., FIRST                     :
BUSINESS BANK, S.A.,                      :
                                        :     13-cv-5032 (ER)
                          Plaintiffs,    :
              -against-            :
                                          :
AMERICAN COALITION AGAINST        :
NUCLEAR IRAN, INC., MARK D. WALLACE,  :
DAVID IBSEN, NATHAN CARLETON     :
and DOES 1-10,                      :
                          Defendants.  :
                                        :
-------------------------------------------------------------X

## DEFENDANT AMERICAN COALITION AGAINST NUCLEAR IRAN, INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, AMERICAN COALITION AGAINST NUCLEAR IRAN, INC. (hereinafter,

"Defendant" or "UANI"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

and the Local Rules of the United States District Court for the Southern District of New York

(collectively the "Applicable Rules") hereby responds and objects to Plaintiffs' First Set of

Requests for Production of Documents ("Requests") as follows:

### Preliminary Statement and General Objections

Discovery is ongoing and Defendant reserves the right to supplement these responses and

requests additional time to produce the requested documents to the extent necessary to identify

and produce documents.  Defendant's response reflects only the current state of Defendant's

knowledge or information regarding the Requests.  Without obligating itself to do so, Defendant

expressly reserves the right to supplement, amend, correct, clarify or modify its Responses as

further information becomes available.

1

Defendant objects to the Requests to the extent that they purport to impose burdens or obligations on Defendant that are broader than, inconsistent with, or not authorized under the Applicable Rules.  Subject to and without waiver of any objections, in responding to the Requests Defendant will construe the Requests consistently with the Applicable Rules.

Defendant further objects to the extent the Requests purport to require it to conduct anything beyond a reasonable and diligent search for readily accessible files, including electronically stored information ("ESI"), from readily available sources where responsive documents reasonably would be expected to be found.  Defendant objects to the Requests to the extent they seek documents are (i) are available from a more convenient, more efficient, less burdensome, or less expensive source than Defendant; (ii) are available through a more convenient, more efficient, less burdensome or less expensive means; or (iii) seek documents that are already in Plaintiffs' possession, custody or control.

Defendant objects to the First Set of Requests for Production of Documents to the extent they seek confidential commercial, financial, or business information, or information protected from disclosure by the attorney-client privilege, the trade-secret privilege, the work-product immunity, and/or any other applicable privilege, protection, or immunity, including without limitation various privileges belonging to and which may be asserted by third parties.  Nothing in this Response is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity or protection.  Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Defendant does not object to a Request on the basis of any applicable privilege, immunity or protection.  Inadvertent production of any material covered by any privilege, immunity or protection shall not constitute a waiver of any privilege, immunity, or

2

protection, or of any other ground for objection to discovery or admissibility of such material, its subject matter, or the information contained therein, nor shall such production constitute a waiver of Defendant's rights to seek the return of such material or object to the use of such material at any stage of this litigation or in any other action or proceeding.  Moreover, Defendant reserves the right to demand that Plaintiffs immediately return, destroy, and refrain from using any privileged or protected documents produced and all copies thereof, and to object to Plaintiffs asserting the fact or circumstances of any inadvertent production of protected documents as a ground for entering an order compelling production of any documents.  Further, Defendant objects to the definitions and instructions set forth in the First Set of Requests for Production of Documents because they do not comport with Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York and the Federal Rules of Civil Procedure.  Defendant expressly incorporates these general objections into each and every response to each and every request.

Defendant's Responses and production of documents in response to the Requests are not intended, and shall not be construed, as an admission that any factual predicates stated in the Requests are accurate, and Defendant's agreement to produce documents is not intended, and shall not be construed as, an admission that responsive documents exist.  Failure to object to a Request is not an admission that information responsive to that request exists.  Any statement in these Responses that Defendant will produce documents reflects the intention of Defendant, subject to the Objections, to conduct a reasonable search for readily accessible responsive documents from sources in which responsive documents that are not otherwise protected from disclosure reasonably would be expected to be found.  By agreeing to search for documents, Defendant does not concede that any of the Requests seek documents that are relevant to the claims, defenses, or

subject matter of, or reasonably calculated to lead to the discovery of admissible evidence in, this litigation.

## Specific Responses and Objections

**Request No. 1:**

> All documents relating to YOUR efforts to verify, corroborate, or confirm the accuracy of any information contained in the PUBLICATIONS, including but not limited to any research or fact-checking conducted prior to or subsequent to publication, any verification of the authenticity of the documentation referred to or relied on by YOU prior to or subsequent to publication, and any discussions whether to contact Plaintiffs or the RESTIS GROUP prior to publication.

**Response to Request No. 1:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 2:**

> All documents relating to the creation of the PUBLICATIONS, including drafts and/or versions, communications, and documents concerning the preparation, drafting, graphical design, headline and caption writing, modification, revision, editing, review, and approval of the PUBLICATIONS.

**Response to Request No. 2:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and

information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties. Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 3:**

All documents relating to the distribution of the PUBLICATIONS or the allegations therein to any person, including but not limited to all communications with reporters, bloggers, editors, news outlets, government officials, YOUR staff members, ADVISORY BOARD members, SENIOR LEADERSHIP, and any third parties.

**Response to Request No. 3:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein. Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties. Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 4:**

All documents relating to the "extensive additional documents that implicate Mr. Restis in activity related to Iran and Mr. Cambis" or the "numerous documents and statements that describe dealings between Mr. Restis, Mr. Cambis and Iran," as alleged in the JULY 15 PRESS RELEASE.

**Response to Request No. 4:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 5:**

All documents relating to the "(highly credible) confidential sources" referred to in the JULY 15 PRESS RELEASE, including but not limited to documents sufficient to identify those sources.

**Response to Request No. 5:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 6:**

All documents relating to the "valid research, credible documents, distinguished relationships, and preeminent sourcing" alleged in the JULY 15 PRESS RELEASE.

**Response to Request No. 6:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 7:**

All documents relating to YOUR internal standards, guidelines and/or procedures concerning the publication of content stating or suggesting that a person is engaged in illicit, illegal, immoral, unethical, or otherwise improper conduct.

**Response to Request No. 7:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 8:**

All communications between YOU and any person relating to the PUBLICATIONS, including but not limited to communications with any government officials, members of the media, YOUR employees, members of the ADVISORY BOARD and/or SENIOR LEADERSHIP, and any other third parties.

**Response to Request No. 8:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 9:**

All communications between YOU and any person relating to Plaintiffs, including but not limited to communications with government officials, members of the media, YOUR employees, members of the ADVISORY BOARD and/or SENIOR LEADERSHIP, and any other third parties.

**Response to Request No. 9:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To

the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 10:**

All communications between YOU and any person relating to the RESTIS GROUP, including but not limited to communications with government officials, members of the media, YOUR employees, members of the ADVISORY BOARD and/or SENIOR LEADERSHIP, and any other third parties.

**Response to Request No. 10:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein. Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties. Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 11:**

All communications between YOU and any person relating to any member of the Restis family, including but not limited to communications with government officials, members of the media, YOUR employees, members of the ADVISORY BOARD and/or SENIOR LEADERSHIP, and any other third parties.

**Response to Request No. 11:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein. Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties. Defendant also objects to this request to

the extent it seeks "all documents relating" because the request is overly broad, unduly

burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To

the extent this request permits the production of responsive documents that are not subject to any

applicable privilege, Defendant agrees to produce them.

**Request No. 12:**

> All documents relating to the "recent documentation confirming the existence of  a
> significant and potentially lucrative illicit business relationship between FBB and
> the Iranian MoP" referred to in the MAY 13 LETTER, including but not limited to
> communications with the source of that documentation.

**Response to Request No. 12:**

Defendant reasserts and incorporates by reference the General Objections as if fully set

forth herein.  Defendant further objects to this request to the extent it seeks documents and

information protected from disclosure by one or more privileges, including various privileges

belonging to and which may be asserted by third parties.  Defendant also objects to this request to

the extent it seeks "all documents relating" because the request is overly broad, unduly

burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To

the extent this request permits the production of responsive documents that are not subject to any

applicable privilege, Defendant agrees to produce them.

**Request No. 13:**

> All documents relating to YOUR allegation in the MAY 13 LETTER that Victor
> Restis and/or the RESTIS GROUP "are providing extensive and critical shipping
> and financial services to the Iranian regime and facilitating the expansion of its oil
> industry, in flagrant contravention of the international sanctions regime."

**Response to Request No. 13:**

Defendant reasserts and incorporates by reference the General Objections as if fully set

forth herein.  Defendant further objects to this request to the extent it seeks documents and

information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 14:**

> All documents relating to YOUR allegations in the MAY 13 LETTER that "it appears that another Restis Group company, EST, is also being used to aid Iran in its evasion of international sanctions" and that "UANI has been informed that EST-managed ships are very likely being used by Iran to illegally transport its oil in a concerted effort to evade U.S., EU, and international sanctions."

**Response to Request No. 14:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 15:**

> All documents relating to YOUR allegation in the MAY 13 LETTER that Victor Restis, "together with your companies, FBB and EST, and with the assistance of Cambis, are front-men for the illicit activities of the Iranian regime."

**Response to Request No. 15:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 16:**

All documents relating to YOUR allegation in the MAY 13 LETTER that "[y]ou have provided very significant, unethical - indeed illegal - support to the Iranian MoP and its affiliate, NITC."

**Response to Request No. 16:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 17:**

All documents relating to any action or proposed action, including any business dealing, transaction, or agreement, between the Plaintiffs or RESTIS GROUP and IRAN

**Response to Request No. 17:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 18:**

> All documents relating to any action or proposed action, including any business dealing, transaction, or agreement, relating to Plaintiffs or RESTIS GROUP in violation or U.S., United Nations, European Union, or any other international sanctions.

**Response to Request No. 18:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 19**:

All documents relating to Anastasios Pallis, including all communications by or between Defendants and Anastasios Pallis.

**Response to Request No. 19**:

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  In particular, this request is not limited by subject or restricted to a relevant time period, but, instead, improperly requests the production of documents that are not related to any allegation, defense, or issue in the case, and that are outside any relevant time period.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege and that are related to the allegations, defenses, and relevant time period at issue in the case, Defendant agrees to produce them.

**Request No. 20**:

All documents relating to Meir Dagan, including all communications by or between Defendants and Meir Dagan.

**Response to Request No. 20**:

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to

the extent it seeks "all documents relating" because the request is overly broad, unduly

burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In

particular, this request is not limited by subject or restricted to a relevant time period, but, instead,

improperly requests the production of documents that are not related to any allegation, defense, or

issue in the case, and that are outside any relevant time period. To the extent this request permits

the production of responsive documents that are not subject to any applicable privilege and that

are related to the allegations, defenses, and relevant time period at issue in the case, Defendant

agrees to produce them.

**Request No. 21:**

> All documents relating to any persons named by YOU in paragraphs 2 to 36, 39,
> 40, 44, 45, 48, 49, 62 to 69, 72, 73, 128, and 129 of UANI'S SECOND RFP,
> including all communications by or between Defendants and such persons.

**Response to Request No. 21:**

Defendant reasserts and incorporates by reference the General Objections as if fully set

forth herein. Defendant further objects to this request to the extent it seeks documents and

information protected from disclosure by one or more privileges, including various privileges

belonging to and which may be asserted by third parties. Defendant also objects to this request to

the extent it seeks "all documents relating" because the request is overly broad, unduly

burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. To

the extent this request permits the production of responsive documents that are not subject to any

applicable privilege, Defendant agrees to produce them.

**Request No. 22:**

> All documents relating to Proto Thema, including all communications by or
> between Defendants and Proto Thema.

**Response to Request No. 22**:

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant further objects to this request to the extent it seeks documents and information protected from disclosure by one or more privileges, including various privileges belonging to and which may be asserted by third parties.  Defendant also objects to this request to the extent it seeks "all documents relating" because the request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this request permits the production of responsive documents that are not subject to any applicable privilege, Defendant agrees to produce them.

**Request No. 23**:

Documents sufficient to identify all employees of UANI, their job titles, compensation, and job responsibilities.

**Response to Request No. 23**:

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant also objects to this request because it seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 24**:

All tax returns filed in any jurisdiction.

**Response to Request No. 24**:

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant also objects to this request because it seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 25:**

Documents sufficient to identify any and all DONATIONS, including but not limited to documents sufficient to identify their amount and source, any agreements regarding the terms of such DONATIONS, and any communications with such individuals or entities that provided the DONATIONS.

**Response to Request No. 25:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Defendant also objects to this request because it seeks documents not reasonably calculated to lead to the discovery of admissible evidence and because it will cause undue burden and expense to the Defendant to identify and produce all responsive documents.

**Request No. 26:**

Any insurance policies that may cover damages or fees resulting from the LAWSUIT, including the payment of attorneys' fees required to defend against the LAWSUIT.

**Response to Request No. 26:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Subject to and without waiving its objections, Defendant will produce documents responsive to this request, if any, that are within its possession, custody, or control.

**Request No. 27:**

All documents relating to information or notification that YOU have received that any statement or publication created or distributed by YOU contained false or inaccurate information, including any communications from persons notifying YOU of such false or inaccurate information.

**Response to Request No. 27:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Other than pleadings in this lawsuit or communications from Plaintiffs' counsel,

there are no documents responsive to this request that are within Defendant's possession, custody, or control.

**Request No. 28:**

> All documents relating to complaints, lawsuits, legal proceedings, administrative proceedings, claims, grievances, demands, arbitrations, or actions filed relating to any information or notification identified in the preceding Request.

**Response to Request No. 28:**

Defendant reasserts and incorporates by reference the General Objections as if fully set forth herein.  Other than pleadings in this lawsuit or communications from Plaintiffs' counsel, there are no documents responsive to this request that are within Defendant's possession, custody, or control.

Dated:  January 8, 2014

By:  /s/ Douglass A. Mitchell
Lee S. Wolosky, Esq.
Email:  lwolosky@bsfllp.com
Douglass A. Mitchell, Esq.
Email:  dmitchell@bsfllp.com
**BOIES SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Floor
New York, NY  10022
Tel.  212-446-2300
Fax. 212-446-2350

and

Brian J. Stack, Esq.
E-mail:  bstack@stackfernandez.com
**STACK FERNANDEZ ANDERSON & HARRIS, P.A.**
Brickell Bay Office Tower
1001 Brickell Bay Drive, Suite 2650
Miami, Florida  33131-4940
Tel. 305-371-0001
Fax. 305-371-0002

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January 2014 a true and correct copy of the foregoing was served on all counsel of record identified on the attached Service List in the manner specified.

/s/ Douglass A. Mitchell
Douglass A. Mitchell

19

**SERVICE LIST**

*Restis, et al. v. American Coalition Against Nuclear Iran, Inc., et al.*
Case No.: 13-cv-5032 (ER)
United States District Court, Southern District of New York

---

Kerrie L. Campbell
Email:  kcampbell@manatt.com
Michael Bhargava
Email: mbhargava@manatt.com
**Manatt, Phelps & Phillips, LLP**
700 12th Street, N.W.
Suite 1100
Washington, D.C.  20005
Tel.: 202.585.6526
Fax.:  202.637.1526
*Attorneys for Plaintiffs*

**Via Email**