**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 9, 2014

BY ECF
Hon. Edgardo Ramos
United States District Judge
United States District Court
500 Pearl Street
New York, New York  10007

> Re:    ***Restis et al. v. American Coalition Against Nuclear Iran et al.***,
>           **No. 13 Civ. 5032 (ER) (KNF)**

Dear Judge Ramos:

I write on behalf of nonparty the United States of America (the "Government") in response to the Court's April 4, 2014 order granting the Government's request for an extension of time to consider whether to submit an *ex parte* motion regarding the assertion of a governmental privilege or privileges and directing the Government to "detail[] the nature of the privilege(s) asserted, as well as the reason(s) for invoking the privilege(s)."

Any submission would require formal Justice Department authorization and remains under consideration, but we expect would primarily address the law enforcement privilege and identify potential grounds that may apply to protect certain information at issue in discovery.  As a general matter, as the Second Circuit has explained, the law enforcement privilege can be asserted with respect to:

> (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation, or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations.

*Dinler v. City of New York*, 607 F.3d 923, 948 (2d Cir. 2010) (internal citations and quotation marks omitted).

The Government has a good faith basis to believe that certain information at issue in discovery is properly protected from disclosure pursuant to the law enforcement privilege, but cannot at this stage further discuss the nature of the information or whether, how and/or to what

extent it wishes to assert any privilege in this matter without risking disclosure of the potentially privileged information at issue.  As contemplated in *Dinler*, *ex parte* and sealed proceedings may be necessary to protect privileged information pending the Court's determination of whether privilege applies and, if so, whether an assertion of privilege can be overcome.  *Id.*

The Government therefore respectfully requests leave to provide additional details in its contemplated *ex parte* submission, and further respectfully requests that such submission be made under seal.  The Court previously authorized such a submission to be made *ex parte*.  *See* Dkt. No. 83.

We thank the Court for its consideration of this matter.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:   *s/ Michael J. Byars*
MICHAEL J. BYARS
Assistant United States Attorney
Telephone:  (212) 637-2793
Facsimile:  (212) 637-2717
E-mail:  michael.byars@usdoj.gov

cc:  All counsel (via ECF)