1200 New Hampshire Avenue NW, Washington, DC 20036
tel (202) 974-5600   fax (202) 974-5602

CHADBOURNE
& PARKE LLP

**Abbe David Lowell**
direct tel  202-974-5605
adlowell@chadbourne.com

April 14, 2014

Hon. Judge Edgardo Ramos
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:  *Restis et al. v. American Coalition Against a Nuclear Iran et al.*, No. 13-cv-5032 (ER)

Dear Judge Ramos:

    Representing the Plaintiffs, we respond to Assistant U.S. Attorney Michael Byars' April 9, 2014 letter in which the Government asserts that it is considering invoking the "law enforcement privilege" to prevent one private party from producing information to another in this case.  Dkt. 107.  This follows the Government's March 10, 2014 letter (Dkt. 78) referring to a "government privilege or privileges," Plaintiffs' March 13, 2014 response (Dkt. 88) pointing out the threshold requirements for any *ex parte* filing, and this Court's April 4, 2014 Order requiring the Government to "submit a letter detailing the nature of the governmental privilege(s) asserted as well as the reason(s) for invoking the privilege(s)."  Dkt. 100.

    Now that the potential privilege has finally been revealed,[1] Plaintiffs are at an even greater loss to understand how the law enforcement privilege could possibly apply to properly requested documents in a private defendant's possession.  In addition, and because the law enforcement privilege is a qualified privilege, the Government must provide Plaintiffs with specific information before any *ex parte* filing, so that Plaintiffs may challenge the assertion of the privilege.  Since the Government has not done so, its request should be denied.

    Somehow, Defendants are using this yet-to-be-asserted privilege to refuse discovery.  Yet, the privilege that the Government now says it is considering appears inapplicable here.

---

[1]  We note that Mr. Byars' letter hedges as to whether the Government may also assert some other privilege.  *See* Dkt. 107 (stating that while the Government's assertion of privilege "remains under consideration, but we expect [an *ex parte* filing] would primarily address the law enforcement privilege."  To the extent that the Government seeks to assert some still-unidentified privilege, it has not yet met its burden for any *ex parte* submission for that assertion as well.  *See* Dkt. 88.

CHADBOURNE
& PARKE LLP

Hon. Judge Edgardo Ramos        -2-        April 14, 2014

By definition, this privilege applies to documents *in the Government's possession* that it seeks to protect from disclosure. *See United States v. Painting Known As "Le Marche,"* No. 06-12994, 2008 WL 2600659, at *1 (S.D.N.Y. June 25, 2008) (M.J. Fox) (citing *U.S. v. Reynolds*, 345 U.S. 1, 7 (1953)). In support of its potential assertion of the privilege, the Government cites *Dinler v. City of New York*, 607 F.3d 923, 928 (2d Cir. 2010), in which the privilege was asserted over documents in the Government's possession, and not, as here, over documents in the possession of a private party. Plaintiffs have not located a single case in which the law enforcement privilege has been applied to documents held by a private party.

      Plaintiffs' March 13 letter set out three possible categories of documents in UANI's possession: (1) those created by UANI itself; (2) those received from third parties other than the Government; and (3) those received from the Government itself. No privilege can apply to the first two categories, and Defendants cannot manufacture a privilege simply by providing these privately created documents to the Government. And with respect to the third category, any privilege that could have applied has been waived if the Government gave them to Defendants. *See Kivetski v. City of New York*, No. 04-7402, 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006) ("Principles of waiver apply to the law enforcement privilege.") [2]

      Aside from the facial incongruity of the privilege applying here, the Government seeks to put the cart before the horse by seeking to submit an *ex parte* filing before providing any explanation of how the privilege applies and to what information it applies. *Dinler* does not contemplate "*ex parte* or sealed proceedings" (*see* Dkt. 107 at 2) at this point in the process. Rather, *Dinler* shows that an *ex parte* proceeding can only occur <u>after</u> (1) the party asserting the privilege has made a threshold showing that the privilege applies, and (2) the party seeking disclosure has been afforded the opportunity to challenge the application of the privilege. This has not yet occurred. Indeed, neither Defendants nor the Government have even explained what information might even be covered by such a privilege (*e.g.*, what type of documents are covered, how many documents, how Defendants possess them, etc.).

---

[2] Two theoretical possibilities in which the law enforcement privilege might apply is if UANI is either (1) some sort of clandestine government contractor, or (2) a confidential government informant. Both scenarios seem unlikely. UANI is a non-profit group that does not appear to contract with the Government to provide services relevant to national security, and one that accepts funds from foreign individuals and entities. Even if UANI occupied any position in which a "government" privilege could apply, this could hardly be the basis for withholding all the documents requested by Plaintiffs (*e.g.*, the basis for the defamation published, the involvement of each of the defendants, any due diligence, etc.). The Government also does not explain why any information for which a privilege could be properly invoked could not simply be redacted from otherwise discoverable documents.

CHADBOURNE
& PARKE LLP

Hon. Judge Edgardo Ramos	-3-	April 14, 2014

The law enforcement privilege is a qualified privilege (*Dinler*, 607 F.3d at 923), and the party seeking disclosure has the opportunity to challenge the assertion of privilege. A court is required to "weigh the public interest in nondisclosure against the need of the litigant for access to the privileged information before ultimately deciding whether disclosure is required." *Id.* at 948. This analysis occurs in three steps:

<u>First</u>, the Government must describe with particularity the information covered by the privilege and also explain why this information falls within the scope of the privilege. *Le Marche*, 2008 WL 2600659, at *1 (citing *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988)); *Aguilar v. U.S. Dep't of Homeland Sec.*, 259 F.R.D. 51, 56-77 (S.D.N.Y. 2009) (parties asserting the law enforcement privilege "must make a clear and specific evidentiary showing of the nature and extent of the harm that is likely to be encountered if disclosure is permitted" (quotations omitted)). <u>Second</u>, the party challenging the privilege must then be given "a fair opportunity to challenge the bases for the assertion of the privilege." *Le Marche*, 2008 WL 2600659, at *1 (quotations omitted). <u>Third</u>, only if the party seeking disclosure successfully rebuts the presumption that the privilege applies must the court then balance "[t]he public interest in nondisclosure" against "the need of a particular litigant for access to the privileged information" to determine whether the privilege applies. *It is only at this stage—*and not before—that the court can require the party possessing the documents to "appear *ex parte* in chambers to submit the documents for *in camera* review." *Dinler*, 607 F.3d at 945. But before this happens, *Dinler* is clear that the party asserting the privilege must first provide *specific information* so as to allow the party seeking disclosure to rebut the presumption that privilege applies. The Government has not done so. Instead, it attempts to create an *ad hoc, ex parte* proceeding in which its assertion of privilege is analyzed without participation from Plaintiffs. The proper procedure that applies to the Government in its potential assertion is well-settled, and the Government should not be allowed to circumvent the required analysis.

For the foregoing reasons, Plaintiffs urge the Court to deny the Government's request to file *ex parte* submissions until the Government makes the proper showing and until Plaintiffs have the opportunity to challenge this highly questionable assertion of privilege.

Respectfully submitted,

*/s/ Abbe David Lowell*

Abbe David Lowell

cc: Lee Wolosky, Esq.
  AUSA Michael Byars, Esq.