**CHADBOURNE & PARKE LLP**

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**Benjamin Bleiberg**
direct tel (212) 408-1117
bbleiberg@chadbourne.com

July 3, 2014

<u>VIA ECF</u>

The Honorable Kevin N. Fox
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Restis, et al. v. American Coalition Against Nuclear Iran Inc., et al.*,
         <u>No 13-cv-5032 (ER)(KNF)</u>

Dear Judge Fox:

    Pursuant to Local Civil Rule 37.2, I am writing to respectfully request a pre-motion conference on Plaintiffs' proposed motion to compel nonparties Thomas Kaplan, Andrew Shapiro, and Tigris Financial Group (collectively, the "Tigris Third Parties") to produce documents in response to subpoenas *duces tecum* served upon them by Plaintiffs (the "Subpoenas"). *See* Ex. 1. Defendants' counsel – who also represent the Tigris Third Parties – have refused to comply in any way with these Subpoenas as part of their ongoing effort to accuse Plaintiffs of delaying discovery while Defendants actually stop the discovery process.

    On March 28, 2014, Plaintiffs served the Tigris Third Parties with the Subpoenas, which sought seven categories of documents, including all communications relating to Plaintiffs, documents relating to Defendants' defamatory publications, and documents relating to financial or other support given to Defendants. Plaintiffs have reason to believe that the Tigris Third Parties are supporters of Defendants in this case and are deeply entwined in UANI's affairs, including its defamation campaign against Plaintiffs. According to Defendants' document production, Mr. Wallace has been communicating with Mr. Kaplan and Mr. Shapiro (a Tigris employee) regarding Plaintiffs and this litigation. On April 14, 2014, Defendants' counsel Mr. Brian Stack served Responses and Objections to the Subpoenas on behalf of the Tigris Third Parties. *See* Ex. 2. The Tigris Third Parties provided a single response for all categories of documents requested: "Non-Party has no responsive documents within Non-Party's personal possession, custody and control." *Id.*

    On May 16, 2014, counsel for Plaintiffs wrote to Mr. Stack challenging the Tigris Third Parties' responses that they had no responsive documents by pointing to an email chain



CHADBOURNE
& PARKE LLP

Honorable Judge Fox                           -2-                              July 3, 2014

produced by Defendant UANI that indicated that there there ought to be responsive documents in the Tigris Third Parties' possession. *See* Ex. 3. This email chain was authored by the Tigris Third Parties and related directly to Plaintiffs. *See* Ex. 4 (filed under seal). According to Plaintiffs' letter, the Tigris Third Parties' failure to produce these documents "suggests, at a minimum, that the search conducted by your clients was inadequate and that if a thorough search had been conducted, other responsive documents would have been discovered." Ex. 3. Mr. Stack briefly responded on May 22, stating that he would not be able to respond substantively to Plaintiffs' requests until after June 6, 2014, a delay of more than two weeks. Ex. 5. However, Mr. Stack never responded in any way to Plaintiffs' requests. On June 20, 2014 counsel for Plaintiffs sent Mr. Stack a letter again requesting that he explain his client's failure to produce clearly responsive documents. Ex. 6. On June 23, 2014, Mr. Stack responded that "I asked the non-parties to check again if they were in possession of any responsive documents. They have not located any additional responsive documents as of this date." Ex. 7. As for the email chain authored by the Tigris Third Parties that Plaintiffs pointed out, Mr. Stack claimed that it "appears to be non-responsive" despite the fact that clearly pertained to Plaintiffs and directly responded to the Subpoena requests. This assertion then undercuts the response that there are no "responsive" documents.

On June 24, 2014 counsel for Plaintiffs wrote Mr. Stack requesting specific information as to how the Tigris Third Parties conducted their search for responsive documents, which again appeared to be inadequate. *See* Ex. 8. As Plaintiffs pointed out in their letter, if the Tigris Third Parties had simply searched for the word "Restis," this email chain and at least two other iterations of it would have been found. Because they failed to produce any documents, it again appeared that the Tigris Third Parties had failed to conduct any search at all. As a result, the June 24 letter asked for additional information regarding which email accounts and databases were searched, what keywords were used in these searches, and whether any documents were being withheld under a claim of privilege. None of these questions would pose an undue burden on the Tigris Third Parties, since this information on the searches themselves is easily within the possession of counsel. Moreover, these are reasonable questions in light of the fact that counsel for Plaintiffs provided Mr. Stack with an illustrative sample of a responsive document that should have been produced, but was not.

On June 27, 2014 Mr. Stack replied, but refused to answer any questions as to the scope and methods of the Tigris Third Parties searches, stating that the existence of a "single potentially responsive email" was not sufficient to accuse the Tigris Third Parties of failing to meet their obligations under Rule 45. *See* Ex. 9. Instead of answering Plaintiffs' questions, Mr. Stack threatened to move for sanctions under Rule 45 if Plaintiffs' challenged his failure to produce. *Id.* While Defendant use the tactic of intimidation in their "name and shame" campaigns, their counsel ought to know better and not rely on bluster and threats to avoid the simple fact that he was presented with a responsive document, refused to produce even that

**CHADBOURNE & PARKE LLP**

Honorable Judge Fox          -3-          July 3, 2014

same responsive document, and is once again frustrating the discovery process with his tactics.

It has now been almost three months since the Tigris Third Parties were served with the Subpoenas, but they have not produced a single document. Indeed, from their failure to produce an e-mail which we identified for them, it appears that they have performed no search whatsoever for responsive documents, but have simply insisted that they have no responsive documents. Counsel for the Tigris Third Parties has consistently sought to delay production of documents and has repeatedly refused to substantively respond to Plaintiffs' requests. Accordingly, Plaintiffs request leave to file a motion to compel the Tigris Third Parties to produce documents in response to the Tigris Third Parties Subpoenas *duces tecum*.

Respectfully submitted,

/s/ Benjamin D. Bleiberg
Benjamin D. Bleiberg

