# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH 212-446-2300 • FAX 212-446-2350

July 21, 2014

**BY ECF**

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Restis et al. v. American Coalition Against Nuclear Iran, et al.*,
No. 13-civ-5032 (ER)(KNF)

Dear Judge Ramos:

I write on behalf of Defendants, American Coalition Against Nuclear Iran, Inc. ("UANI"), Ambassador Mark Wallace, David Ibsen, and Nathan Carleton (collectively "Defendants"). Although discovery in this case has slowed in order to provide the United States with sufficient time to determine whether and how to assert its privileges, Defendants have proceeded with third-party discovery currently not subject to the stay. Through this discovery and their ongoing investigation, Defendants have confirmed facts demonstrating that the suit is a sham, raising serious questions about both Plaintiffs' decision to file this lawsuit and Plaintiffs' conduct of discovery to date. Defendants accordingly write to seek leave to renew their motion for sanctions in the near future, without further leave of Court.[1]

*Restis is a Master Criminal*

Plaintiffs' Amended Complaint lauds Restis as a man commanding the "esteem and respect" of the Greek and other governments. To the contrary, events of the last two years demonstrate that the only view the Greek government has of Mr. Restis is that he is a master criminal, and that Mr. Restis is, and was at the time of the filing of the Complaint, libel proof. *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 303 (2d Cir. 1986) ("[I]n those instances where an allegedly libelous statement cannot realistically cause impairment of reputation because the person's reputation is already so low or because the true portions of a statement have such damaging effects, even nominal damages are not to be awarded.").

Last year Restis was arrested for money laundering and the looting of a bank he controlled. Indeed, Restis was in jail on the date when the Complaint was served on Defendants and now cannot travel outside of Greece without the permission of Greek criminal authorities. If convicted he faces life in prison. *Greek Shipowner Jailed Pending Money Laundering Trial*, Reuters, Jul. 26, 2013, http://www.reuters.com/article/2013/07/26/us-greeceshipping-idUSBRE96P0WK20130726, attached as Exhibit 1. This year, Restis was convicted of lying to

---

[1] Defendants previously sought leave of Court to file a motion for sanctions against Plaintiffs for filing a sham complaint. *See* Letter from L. Wolosky to Judge Ramos, Feb. 6, 2014, ECF No. 51. Defendants intend to comply with any procedural requirements associated with the contemplated sanctions motion if the instant application is granted.

BOIES, SCHILLER & FLEXNER LLP

Hon. Edgardo Ramos
July 21, 2014
Page 2

the Greek government regarding the possession of dangerous weapons. Vasilis Tzimtsos, *Shipowner Victor Restis Convicted on Charges of False Declarations*, DirectNews (Apr. 5, 2014), attached as Exhibit 2.

Restis and his corporate front company – "Phantom S.A." -- were fined 31 million Euros by the Greek Financial Crime Squad and Restis is under criminal investigation for tax evasion. As part of the investigation, the Greek prosecutor has revealed that Restis operated in the midst of a money-laundering cabal involving real estate developers, politicians, and corruption called the "Karouzos Scandal." *See* Kroll Advisory Solutions Report, attached as Exhibit 3 at 7 (filed under seal); *Colossal Tax Evasion by Restis According to the Financial and Economic Crime Unit's Report on the "Karouzos Gate,"* iefimedira (Apr. 21, 2014), attached as Exhibit 4.

This year, the Greek government also branded Restis a "new model of criminal." *Parliament: Nikoloudis Targets Proton and FBB*, To Vima (March 6, 2014), attached as Exhibit 5. In testimony to the Greek Parliament on March 6, 2014, the President of the Anti-Money Laundering Authority ("Chief AML Prosecutor") identified Restis as an example of a kind of criminal who has "studied money laundering." *Id*. The Chief AML Prosecutor testified that Restis, and others like him, "do[] not use Kalashnikovs and masks, but hide[] behind the media" and use "legal teams behind the scenes" to carry out "organized" money laundering schemes. *Id*.

In stark contrast to the self-adulatory compliments of the Complaint, an April 29, 2013 investigatory report prepared by Kroll Advisory Solutions at the request of J.P. Morgan, a potential underwriter of a contemplated U.S. initial public offering of another of Restis' companies, confirmed that there was an ███████████████████████████████ ███████████████████████████ *See* Kroll Advisory Solutions Report, Exhibit 3 (filed under seal). J.P. Morgan abandoned the IPO.

<u>*Plaintiffs' Documents Would Confirm UANI's Statements – But Have Not Been Produced*</u>

Documents and electronically stored information ("ESI") in Plaintiffs' possession would reveal the truth of UANI's statements concerning Plaintiffs' business involving Iran, Am. Compl., at ¶ 35, and that the Complaint, when filed, was a sham. Plaintiffs' own documents will reveal that Restis communicated directly with "sanction-designated individuals," *id*. at ¶ 7, 35, including specifically Greek businessman Dimitris Cambis (sanctioned by the United States), "to illegally export Iranian oil in violation of international sanctions." *Id*. at ¶ 35. To date, Plaintiffs have produced no such documents, and the protocol Plaintiffs purport to be using to preserve and collect ESI ensures that no such documents will ever be produced. Plaintiffs did not search, for example, Restis' personal email accounts, even though he has used numerous accounts to communicate with his others, Exhibit 6 (EST000000230) (filed under seal), including co-conspirators involved in his plot to purchase and ship Iranian oil (including Mr. Cambis and Victor Olsen). Defendants have advised Plaintiffs of deficiencies in their ESI protocol (*see* Letter from Douglass Mitchell to Abbe David Lowell, attached as Exhibit 7), but Plaintiffs appear to take the position that they do not need to disclose case-dispositive incriminating documents to their attorneys and dismiss the Complaint because party discovery has been stayed. Defendants disagree.

**BOIES, SCHILLER & FLEXNER LLP**

Hon. Edgardo Ramos
July 21, 2014
Page 3

Plaintiffs' dodging of their discovery obligations extends beyond documents. Not only have Plaintiffs avoided submitting to sworn deposition testimony in this district, but they have also refused to make available any EST witnesses, including most notably Vassilis Papaiakovou, an EST risk manager who Defendants understand is responsible for EST's efforts to launder financial payments to Iranian officials through Swiss bank accounts. Meanwhile, Defendants' pursuit of third party discovery to defend the claims against them has imposed a significant burden. It is clear that Plaintiffs have brought these meritless claims in order to silence UANI and the individual Defendants or to bankrupt them.

Plaintiffs have burdened or intimidated anyone even tangentially connected to UANI by serving invasive, harassing, and baseless subpoenas on them. For example, earlier this month, Plaintiffs served subpoenas on Continental Properties, a company that donates a portion of its office space for use by UANI, and the entire family that owns Continental, including Erwin Fisch, the family's 79 year-old patriarch, whom no one from UANI has ever met or spoken to about Restis or any other matter. *See* Subpoenas attached as Exhibit 8. The documents subpoenaed from Continental and the Fisches show that Plaintiffs are not genuinely interested in obtaining discoverable evidence, but in punishing Continental and the Fisches for their support of UANI.[2]

Plaintiffs have also subpoenaed seven members of UANI's volunteer advisory board, including Senator Joseph Lieberman, former White House official Michael Gerson, and former U.S. Homeland Security Advisor Frances Townsend. No advisory member was involved in the making of, or has any information concerning, UANI's statements regarding Restis and EST. Indeed, all advisory members are public figures who have contributed their time and expertise to UANI, lauded as "the most effective bi-partisan organization working to effectively confront the danger of a nuclear-armed Iran." *See* www.unitedagainstnucleariran.com/testimonials. And, as the Court is aware, Plaintiffs now want to join as defendants in this action five current or former junior staff members who were employed by UANI when the allegedly defamatory statements were published on UANI's website.

Plaintiffs' intentions are obvious: If you support UANI or are affiliated with it, you will be subpoenaed, harassed, threatened, or sued. That is not a proper use by anyone of the judicial resources of the United States, much less someone in Mr. Restis' highly compromised position. For these and the reasons previously stated, Defendants request leave to file their motion for sanctions in the near future without further leave of Court.

Respectfully submitted,

/s/ Lee S. Wolosky
Lee S. Wolosky

cc:  Counsel of Record (by ECF)

---

[2]  The gist of this case concerns whether Defendants' statements about Plaintiffs were true or substantially true and whether Defendants acted with actual malice. The subpoenas served on the non-party witnesses have nothing to do with these fundamental issues. On the other hand, Plaintiffs' refusal to produce documents showing their Iranian business dealings cuts straight to the heart of Plaintiffs' claims.