UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
VICTOR RESTIS and ENTERPRISES SHIPPING AND  :
TRADING S.A.,                                :
                                             :      **OPINION AND ORDER**
              Plaintiffs,                    :
                                             :      13 Civ. 5032 (ER)
       - against -                           :
                                             :
AMERICAN COALITION AGAINST NUCLEAR IRAN,     :
INC. a/k/a UNITED AGAINST NUCLEAR IRAN,      :
MARK D. WALLACE, DAVID IBSEN, NATHAN         :
CARLETON, DANIEL ROTH, MARTIN HOUSE,         :
MATAN SHAMIR, MOLLY LUKASH, LARA PHAM,       :
and DOES 1-10,                               :
                                             :
              Defendants.                    :
-----------------------------------------------------------------------x

Ramos, D.J.:

Plaintiffs commenced this action on July 19, 2013. Doc. 1. On October 17, 2013, Defendants filed a motion to dismiss. Doc. 25. On December 2, 2013, Plaintiffs submitted a proposed Amended Complaint. On December 11, 2013, the Court entered an order granting Plaintiffs' request for leave to amend the Complaint. Doc. 33. Pursuant to the December 11, 2013 Order, the Court treated Defendants' motion to dismiss the original Complaint as a motion to dismiss the Amended Complaint.

On May 13, 2014, Plaintiffs filed a motion for leave to file a Second Amended Complaint ("SAC"). Doc. 146. Plaintiffs seek leave to amend in order to add allegations relating to purportedly defamatory statements made by Defendants in February 2014, as well as to name additional individual defendants whose roles in the alleged defamation were "recently disclosed" to Plaintiffs. *See* Pls. Mem. L. 4, 7. Plaintiffs further claim that leave should be granted to

include newly-discovered information about Defendants' alleged role in the filing of criminal charges against Plaintiff Victor Restis.  *See id.* at 7.  Defendants renew their argument that their publications, including the February 2014 publications, are not defamatory as a matter of law and also contend that the proposed newly named defendants lack the necessary resources to defend the litigation.  *Id.* at 11.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[a] court should freely give leave [to amend] when justice so requires."  "Generally, '[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'"  *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).  Where a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a) must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.  *Id.* (quoting *Grochowski v. Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)).  Here, the Civil Case Discovery Plan and Scheduling Order set a December 15, 2013 deadline for amended pleadings.  Doc. 20.  Accordingly, the Court will review Plaintiffs' request in view of Rule 15(a) as well as Rule 16(b).[1]

"[W]hile diligence is 'the primary consideration' in determining whether the moving party satisfies the good cause requirement of Rule 16(b), a district court 'also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants."  *Grant v. Citibank (S.D.), N.A.*, No. 10 Civ. 2955 (KNF), 2010 WL 5187754, at *7 (S.D.N.Y. Dec. 6, 2010) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).  "After the moving party demonstrates

---

[1] Plaintiffs argue that even if the Court applies the "good cause" standard, Plaintiffs' proposed amendments "easily meet[] this standard."  Pls. Reply Mem. L. 2.

diligence under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper." *Id.*  "A decision to grant or deny a motion to amend is within the sound discretion of the trial court." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1988); *see also Kassner*, 496 F.3d at 245 (noting that a court's decision to grant or deny leave to amend is "an exercise of its broad discretion concerning the pleadings").

    The proposed Second Amended Complaint adds additional facts, not claims or theories of recovery.[2]  Moreover, Plaintiffs' proposed amendments are substantively identical to the allegations in the Amended Complaint and are based on facts discovered and events that occurred in February 2014, after the December 15, 2013 deadline.  *See* Pls. Mem. L. 5.  Second, Plaintiffs claim that it was through Defendants' March 24, 2014 production of documents that they learned of the proposed additional defendants' involvement in the defamation campaigns.  *Id.* at 8.  Finally, Plaintiffs state that they "recently learned" of Defendant UANI's alleged involvement in Mr. Restis' detention in Greece.  *Id.* at 12.  Accordingly, the Court discerns no lack of diligence on the part of Plaintiffs in filing the proposed SAC within three months of the February 2014 statements and only two months after Defendant's production.  *Cf. Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 361 (S.D.N.Y. 2014) (finding that plaintiffs acted with a sufficient "modicum of diligence" in moving to amend complaint nearly six months after discovery of additional instance of copyright infringement); *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (noting that plaintiffs' proposed amendment upon learning of additional facts through discovery—and after scheduling order deadline—did not constitute a failure of diligence); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537

---

[2] In addition, the proposed Second Amended Complaint abandons Plaintiffs' claim for negligent interference with prospective economic advantage.

(E.D.N.Y. 2010) (finding that good cause existed to amend complaint insofar as defendant did not contest that plaintiff learned of the alleged contract breaches during the course of discovery).

Defendants contend that Plaintiffs' amendments are abusive and in bad faith because the proposed new defendants are junior staff members of UANI who did not undertake any act outside the scope of their employer's instructions. Defs. Mem. L. 19-21. Those arguments are unavailing, at least at this juncture. Moreover, the Court does not find that the amendments would lead to undue prejudice, especially given that the parties have not completed discovery. *Cf. Salomon*, 960 F. Supp. 2d at 508 (allowing amendment where it would lead to "mere delay" as a consequence of additional discovery and noting that the parties would not have to expend significant additional resources as a result of the amendment).[3]

Plaintiffs' request for leave to amend is therefore GRANTED. The May 2014 proposed SAC is deemed as the operative Complaint in this action. Plaintiffs are directed to electronically file the Second Amended Complaint no later than **Monday, October 6, 2014**.

---

[3] Defendants further challenge the allegations regarding their involvement in Mr. Restis' detention on the grounds that this accusation is implausible and serves no purpose. Defs. Mem. L. 22-23. Defendants contend that such allegations, if included in the SAC, would be subject to a successful motion to strike as redundant, immaterial and/or scandalous, and that the amendment of the pleadings to include such claim would therefore be futile. *Id.* at 23.

Allegations are rarely stricken from a complaint, and even seemingly inflammatory allegations may be included in pleadings as long as they have some relevance to the claims at issue. *M'Baye v. World Boxing Ass'n*, No. 05 Civ. 9581 (DC), 2007 WL 844552, at *4 (S.D.N.Y. Mar. 21, 2007). Plaintiffs' allegations of Defendants' involvement in Mr. Restis' detention may bear on, *inter alia*, whether Defendants acted with actual malice. Thus, it is unclear whether Defendants could make the required showing that no supporting evidence would be admissible. *See, e.g.*, *Schoolcraft v. City of New York*, 299 F.R.D. 65, 67 (S.D.N.Y. 2014) (stating that to prevail on a motion to strike, a party must show that (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; *and* (3) permitting the allegations to stand would result in prejudice to the movant); *Shakima O. v. Westchester Cnty.*, No. 12 Civ. 9468 (VB), 2014 WL 521608, at *5 (S.D.N.Y. Feb. 10, 2014) ("In deciding whether to strike immaterial matter, 'it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible.'" (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976))).

The Court will treat Defendants' pending motion to dismiss as a motion to dismiss the SAC. The Clerk of the Court is respectfully directed to terminate the motion (Doc. 146).

It is SO ORDERED.

Dated:  September 30, 2014
        New York, New York

_____
Edgardo Ramos, U.S.D.J.